UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ERNEST GUARDADO, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> JAMES DZURENDA, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:21-cv-00994-GMN-EJY <br><br> **ORDER** |

Pending before the Court are the Motions for Preliminary Injunction, (ECF Nos. 8, 11, 12, 24, and 28) filed by *pro se* Plaintiff Ernest Guardado ("Plaintiff"). Defendants filed Responses, (ECF Nos. 45–49), and Plaintiff did not file any Replies.

For the reasons discussed below, the Court **GRANTS** Plaintiff's Motions for Preliminary Injunction at ECF Nos. 11 and 12, and **DENIES** Plaintiff's Motions for Preliminary Injunction at ECF Nos. 8, 24, and 28.

**I.  BACKGROUND**

This case arises from Plaintiff's various allegations, pursuant to 42 U.S.C. § 1983, that Defendants violated his First and Fourteenth Amendment rights, as well as the Religious Land Use and Incarcerated Persons Act ("RLUIPA"), while he was incarcerated at High Desert State Prison ("HDSP"). (*See generally* First Am. Compl. ("FAC"), ECF No. 14). Plaintiff, a member of the Native American faith, claims that Defendants are burdening his rights to practice his religion. Specifically, the FAC alleges: (1) Plaintiff was not allowed to purchase Native American religious items, such as a sacred pipe, kinnikinick tobacco, and sacred herbs; (2) Defendants denied Plaintiff the ability to perform Native American ceremonies, including a weekly sacred sweat; (3) Plaintiff, and other Native American practitioners, are not permitted to

wear religious head gear, such as bandanas or headbands; (4) the Native American religious group was denied the opportunity to have a Native American study group; (5) Plaintiff has been denied the ability to practice his sincerely held religious belief or perform his sacred sweats, sacred pipe, or smudging; and (6) Plaintiff's sincerely held religious beliefs require him to eat natural foods, but Defendants denied his request to be placed on the common fare diet. (*See generally* FAC, ECF No. 14); (Screening Order 3:25–17:5, ECF No. 15).

Plaintiff filed five Motions for Preliminary Injunction, (ECF Nos. 8, 11, 12, 24, and 28), but the Court deferred its decision on them pending the outcome of the early inmate mediation program. However, at the March 4, 2022, mediation the parties were unable to reach a settlement. (Mins. Proceedings, ECF No. 40). The Court now addresses Plaintiff's Motions for Preliminary Injunction.

## II.    LEGAL STANDARD

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22. "[C]ourts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Id.* at 24 (internal quotation marks omitted).

The Ninth Circuit has held that "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (internal quotation marks omitted). Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be

"narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

## III. DISCUSSION

Plaintiff filed five Motions for Preliminary Injunction to request three different forms of injunctive relief. The Court will first address the Motion for Preliminary Injunction filed at ECF No. 8, which concerns Plaintiff's access to the chapel and Native American grounds for religious ceremonies. The Court will then address the Motions for Preliminary Injunction filed at ECF Nos. 11 and 12, which are duplicates of each other, and concern Plaintiff's request to be placed on a common fare diet. Finally, the Court will address the Motions for Preliminary Injunction at ECF Nos. 24 and 28, which concern Plaintiff's claims that Defendants confiscated his property.[1]

### A. Native American Grounds Preliminary Injunction, (ECF No. 8)

Plaintiff claims that he has been unable to access the Native American grounds since March 18, 2020, which means that he has been unable to perform religious ceremonies for his sincerely held religious beliefs. (Mot. Prelim. Inj. 3:9–15, ECF No. 8). Plaintiff's Motion for Preliminary Injunction requests that the Court order HDSP "to permit Plaintiff access to the Native American grounds in order to practice his sincerely held religious beliefs." (*Id.* 1:12–16). In response, Defendants explain that HDSP did restrict access to the chapel and religious services due to the COVID-19 pandemic. (Resp. 6:23–26, ECF No. 45). Nonetheless, Defendants argue that Plaintiff's Motion is now moot because chapel services resumed on March 21, 2022, with the Native American Indians scheduled for chapel time on March 22, 2022. (*Id.* 6:23–7:4). Since Defendants have already provided Plaintiff with the requested relief (access to the chapel and the ability to perform religious services), and Plaintiff filed no

---

[1] The Motion for Preliminary Injunction filed at ECF No. 24 neglected to include Plaintiff's prayer for relief. Plaintiff filed the Motion for Preliminary Injunction at ECF No. 28 to amend the Motion at ECF No. 24, clarifying the remedy sought and making no other significant changes. (Mot. Prelim. Inj. 3:2–5, ECF No. 28).

reply indicating that Defendants' resumption of chapel services is deficient, the Court agrees that Plaintiff's claims are moot. This Motion is denied.

### B. Common Fare Preliminary Injunctions, (ECF Nos. 11–12)

Plaintiff claims that Defendants denied his request to be placed on the common fare diet, even though it is his sincerely held belief as a practitioner of the Native American religion that consuming un-natural foods and foods containing chemicals "desecrates his body." (Mot. Prelim. Inj. 7:5–7, ECF No. 12). In his Motion for Preliminary Injunction, Plaintiff asks the Court to order Defendants to place him on the common fare diet. (*Id.* 1:14–18). The Court assesses this request under the *Winter* factors.

#### 1. Likelihood of Success on the Merits

To protest Defendants' denial of the common fare diet, Plaintiff asserts claims under the First Amendment Free Exercise Clause, Fourteenth Amendment Equal Protection, and RLUIPA. However, because the Court finds that Plaintiff is likely to succeed on the merits of his RLUIPA claim, it will not address the merits of Plaintiff's remaining constitutional claims. *See, e.g., Randazza v. Cox*, 920 F. Supp. 2d 1151, 1156 (D. Nev. 2013).

RLUIPA expands rights under the First Amendment's Free Exercise Clause, mandating that:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person—
>
> (1) is in furtherance of a compelling governmental interest; and
>
> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a)(1)-(2). A prisoner's request for an accommodation must be sincerely based on a religious belief and not some other motivation. *Holt v. Hobbs*, 135 S. Ct. 853, 862, 190 L. Ed. 2d 747 (2015).

As an initial matter, the Court is satisfied that Plaintiff's religious beliefs are sincerely held, and that the government "impos[ed] a substantial burden" on his religious exercise by denying his request to be placed on the common fare diet. 42 U.S.C. § 2000cc-1(a); *Ross v. Sandoval*, No. 2:17-cv-02386-APG-GWF, 2018 WL 5114134, at *3 (D. Nev., Oct. 19, 2018). (denial of request for common fare diet severely burdened the plaintiff's religious exercise). Therefore, Defendants must demonstrate that they denied Plaintiff the common fare diet in furtherance of a compelling governmental interest and as the least restrictive means of furthering that compelling interest. 42 U.S.C. § 2000cc-1(a)(1)-(2).

Defendants fail to allege that a compelling government interest exists for denying Plaintiff access to the common fare diet. Instead, Defendants argue that Plaintiff's reluctance to put "chemicals" in his body is too vague, and that the Native American faith group does not have special dietary needs. (Resp. 8:4–9:14, ECF No. 45). However, a RLUIPA analysis "bars inquiry into whether a particular belief or practice is central to a prisoner's religion." *Cutter v. Wilkinson*, 544 U.S. 709, 725, n.13 (2005). RLUIPA only requires that the prisoner sincerely believe that the practice is central to his religion. *Id.* Therefore, because Plaintiff's request to be on the common fare diet is based on his sincerely held religious belief, he successfully states a RLUIPA claim, regardless of whether the common fare diet is officially listed as a tenant of a Native American religion. *See Ross*, 2018 WL 5114134, at *2 ("It does not matter that, in RLUIPA's terms, [Plaintiff's] diet was not 'compelled by' or 'central to' Buddhism. What matters is that [Plaintiff's] request is based on his sincerely held religious beliefs"). Since Defendants have not otherwise identified a compelling government interest, the Court finds that Plaintiff is likely to succeed on the merits of his RLUIPA claim.[2]

---

[2] Defendants also ironically claim that any injunction granted by the Court would disrupt NDOC's administrative regulations related to common fare meals. (Resp. 9:9–14, ECF No. 45). However, it seems that NDOC has already disrupted its own administrative procedure in the present case by failing to conduct a "religious/spiritual belief diet accommodation interview," as required by AR 814.03(2). (*See* Mot. Prelim. Inj. 8:25–9:6, ECF No.

### 2. Irreparable Harm

A party seeking preliminary injunctive relief in a First Amendment context can establish irreparable injury by demonstrating the existence of a colorable First Amendment claim. *Warsoldier v. Woodford*, 418 F.3d 989, 1001 (9th Cir. 2005) (applying First Amendment irreparable injury standard to a RLUIPA case). This element weighs in Plaintiff's favor because, as discussed above, Plaintiff is likely to succeed on the merits of his RLUIPA claim. Further, this Court has previously found that Plaintiff's FAC states a colorable claim under RLUIPA "based on his sincerely held religious beliefs to eat natural foods and to be on the common fare diet." (*See* Screening Order 17:17–22, ECF No. 15).

### 3. Balance of the Equities

The balance of the equities weighs in favor of Plaintiff because he will be greatly harmed if he is not able to exercise his chosen religion. Defendants claim that the Court's grant of an injunction will be harmful to them because it will prevent prison administrators from effectively operating the HDSP. (Resp. 11:23–24). However, Defendants do not further explain how placing Plaintiff on a common fare diet will prevent the prison from operating, especially when considering that the common fare diet is already served to other inmates. Without more, the Court cannot find that Defendants' potential harm outweighs Plaintiff's.

### 4. Public Interest

"The public interest analysis for the issuance of [injunctive relief] requires [district courts] to consider whether there exists some critical public interest that would be injured by the grant of preliminary relief." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1138 (9th Cir. 2011) (citation omitted). "[T]he public interest is served by the protection of the First Amendment rights of its citizens, even if they are prisoners." *Saintal v. Foster*, No. 2:11-cv-

---

12); (AR 814, Ex. A to Mot. Prelim. Inj., ECF No. 12). (*See generally*, Resp., ECF No. 45) (failing to dispute that Plaintiff never received an accommodation interview).

00445-MMD-PAL, 2012 U.S. Dist. LEXIS 149999, 2012 WL 5180738, at *10 (D. Nev. Oct. 17, 2012).

In sum, an analysis of the *Winter* factors demonstrates that Plaintiff's Motions for Preliminary Injunction should be granted. Accordingly, the Court finds that Defendants must place Plaintiff on the common fare diet.

### C. Return of Property Preliminary Injunctions, (ECF Nos. 24, 28)

Plaintiff claims that HDSP confiscated his legal box, as well as certain religious items. (Mot. Prelim. Inj. 1:19–2:26, ECF No. 28). Plaintiff's Motions for Preliminary Injunction ask the Court to order Defendants to "return his legal box, legal supplies, and religious box . . . as well as prohibit Defendants from any further retaliation." (*Id.* 5:9–13). However, this request for injunctive relief is unrelated to any of the allegations in the FAC and is therefore denied. *See Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015) ("We hold that there must a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint.").

//
//
//
//
//
//
//
//
//
//
//

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Preliminary Injunction, (ECF No. 8), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Emergency Motions for Preliminary Injunction, (ECF Nos. 11, 12), are **GRANTED**. Defendants shall place Plaintiff on the common fare diet. Defendants shall also file a notice of compliance with this Order no later than April 8, 2022.

**IT IS FURTHER ORDERED** that Plaintiff's Emergency Motions for Preliminary Injunction, (ECF Nos. 24, 28), are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Amended Emergency Motion for Preliminary Injunction, (ECF No. 27), is **GRANTED**.

**DATED** this __22__ day of March, 2022.

_____
Gloria M. Navarro, District Judge
United States District Court