UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ERNEST GUARDADO,<br><br>Plaintiff,<br><br>v.<br><br>JAMES DZURENDA, et al.,<br><br>Defendant. | Case No. 2:21-cv-00994-GMN-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Request for Leave to File Second Amended Complaint (ECF No. 51), which he filed after filing his proposed Second Amended Complaint (sometimes the "SAC"). ECF No. 50. Defendants submitted a Limited Opposition to Plaintiff's Motion (ECF No. 57). The Limited Opposition asks the Court to screen the SAC. *Id*. at 2. The Court grants Plaintiff's request for leave to file his SAC as there is no substantive opposition to him doing so. The Court denies Defendants' request that the SAC be screened.

As stated in *Caballero v. Aranas*, Case No. 3:19-cv-00079-MMD-CLB, 2020 WL 3546853, at \*2 (D. Nev. June 29, 2020):

> Section 1915A(a) states as follows with respect to screening: (a) Screening.—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The statute could not be clearer as to the timing of the mandatory screening. A court must screen "before docketing, if feasible or, in any event, as soon as practicable after docketing." *Id.* As the Supreme Court has clarified, "[a]ll this may take place before any responsive pleading is filed—unlike in the typical civil case, defendants do not have to respond to a complaint covered by the PLRA until required to do so by the court, and waiving the right to reply does not constitute an admission of the allegations in the complaint." *Jones v. Bock*, 549 U.S. 199, 213 (2007); *see also Nordstrom v. Ryan*, 762 F.3d 903, 906, 907 & n.1 (9th Cir. 2014) (characterizing screening under § 1915A as the "pre-answer screening stage").

The court in *Caballero* further states that "if the Court dismisses an initial complaint and grants leave to amend, the Court will screen the amended complaint filed. This practice falls within the PLRA's mandate for 'early judicial screening.'" *Id*. at \*3 *citing Jones*, 549 U.S. at 223. In contrast, whether

to screen a second amended complaint-post answer, such as is the case here, is decided "on a case-by-case basis." *Id*. *See also Peck v. Nevada*, Case No. 2:18-cv-00237-APG-VCF, 2020 WL 5518605, at **1-2 (D. Nev. Sept. 14, 2020). The Court finds screening the SAC is not appropriate. First, as stated above, the Court notes that Defendants assert no substantive objection to Plaintiff's SAC. Second, the Court screened Plaintiff's First Amended Complaint that was answered by Defendants who have appeared. ECF Nos. 15, 70. A second screening is neither warranted nor a reasonable use of limited judicial resource.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Request for Leave to File Second Amended Complaint (ECF No. 51) is GRANTED.

IT IS FURTHER ORDERED that Defendants' request that the Court screen the Second Amended Complaint is DENIED.

IT IS FURTHER ORDERED that all Defendants named in the Second Amended Complaint (ECF No. 50) who have appeared in this action must file a responsive pleading no later than **July 18, 2022**.

IT IS FURTHER ORDERED that the Attorney General for the State of Nevada shall file a Notice with the Court, no later than **July 25, 2022**, advising whether he will accept service of the Second Amended Complaint on behalf of those defendants who have not appeared. This includes D. Thompson, who was served the First Amended Complaint but has not filed a responsive pleading, Richard Snyder, Defendant Rivera, Defendant Barth (or Berth), Defendant McKennon, and Defendant Garcia.

IT IS FURTHER ORDERED that for any named Defendant for whom the Attorney General cannot accept service, he must file under seal, without serving Plaintiff, the last known address of such Defendant no later than **July 25, 2022**. If the last known address is a post office box, the Attorney General must, to the best of his ability to do so, provide an address at which such Defendant may be served.

DATED this 9th day of June, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE